## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**AVERY WHEELER**                                                         **PETITIONER**

**V.**                                          **CIVIL ACTION NO. 3:16CV846 HTW-LRA**

**WARDEN LARRY SHULTS**                                 **RESPONDENT**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner Avery Wheeler filed the instant petition for writ of habeas corpus pursuant to Title 28 U.S.C. § 2241, seeking a reinstatement of good-conduct credit. At the time of filing, he was incarcerated at the Federal Correctional Complex-Low in Yazoo City, Mississippi (FCC-Yazoo) serving a term of imprisonment for drug-related offenses, imposed by the United States District Court for the Eastern District of Virginia.[1] Petitioner challenges disciplinary proceedings, resulting in, *inter alia*, the forfeiture of 365 days of non-vested good conduct time credit. Respondent asserts the petition should be denied because all due process requirements were met, and sufficient evidence supports the sanctions imposed. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the petition be dismissed for the reasons that follow.

---

[1] The proper respondent in habeas challenges is the custodian of the petitioner. 28 U.S.C. §§ 2242-2243. At the time of filing, Petitioner correctly named Larry Shults as the Respondent. However, a change-of-address, docketed on May 31, 2019, indicates that Petitioner was transferred to the Federal Medical Center, Lexington, P.O. Box 14500, Lexington, KY 40512. Notwithstanding, jurisdiction over a § 2241 petition attaches at the time of filing; thus, this court has jurisdiction, notwithstanding his transfer to a different facility and custodian. *See Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014).

While confined in the Federal Correctional Institution-Schuylkill in Minersville, Pennsylvania, Wheeler was charged with violating Code 112: "Use of any narcotics, marijuana, drugs, alcohol, intoxicants, or related paraphernalia, not prescribed by the individual medical staff." 28 C.F.R. § 541.3 (2011) (Table 1). On May 9, 2015, breathalyzer tests revealed Wheeler's blood alcohol content registered at 0.0027% and 0.034%. Wheeler admitted his guilt, and a copy of the incident report charging him with a Code 112 violation was delivered that same day. Due to the severity of the offense, the Unit Disciplinary Committee ("UDC") referred the matter to the Disciplinary Hearing Officer (DHO) for further hearing. A disciplinary hearing was held on May 18, 2015, at which time, Wheeler – having been presented with the opportunity to present evidence and witnesses – admitted to committing the prohibited act. He was found guilty as charged and sanctioned with (1) 60 days of disciplinary segregation; (2) 41 days disallowance of good-conduct time; (3) 8 months loss of phone and visitation privileges; and, (4) forfeiture of 365 days of non-vested good conduct time credit.[2]

After exhausting administrative remedies, Petitioner filed the instant petition challenging the sanctions imposed. As grounds, he asserts that the forfeiture of 365 days of non-vested good conduct time credit was excessive and claims the DHO failed to consider mitigating factors in assessing his penalty. In his prayer for relief, he requests the Court enter an order restoring his 365 days of non-vested good-conduct time credit or alternatively, remand the matter for further reconsideration.

---

[2] ECF No. 9-1–9-4.

It is well-settled that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment. *Wolff v. McDonnell*, 418 U.S. 539 (1974). However, prison disciplinary proceedings are not a part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights of such proceedings. *Id*. at 566. Prison disciplinary hearings comport with due process when an inmate is given (1) advance written notice of the charges at least 24 hours prior to the proceedings; (2) the opportunity to present documentary evidence and call witnesses in his defense; and, (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action taken. *Martinez v. Young*, 653 F. App'x 835, 836 (citing *Wolff*, 418 U.S. at 563-70).

Wheeler does not dispute that his disciplinary proceedings comported with due process procedures. Nor does he claim that he was innocent of the offense. The gravamen of his complaint is that the forfeiture of 365 days of non-vested good time credit was excessive given the nature of his offense, his disciplinary history, and sanctions imposed for comparable offenses by other inmates. He also alleges that the DHO's ability to be impartial may have been compromised.

Construed liberally, Wheeler appears to be alleging that his sanctions were "grossly disproportionate to the severity of the crime" in violation of the Eighth Amendment. *Rummel v. Estelle,* 445 U.S. 263, 271 (1980). To the extent the loss of good conduct time constitutes an Eighth Amendment violation, Wheeler does not state a viable claim. A disproportionate sentence may violate the Eighth Amendment. *See McGruder v. Puckett*, 954 F.2d 313, 315-16 (5th Cir. 1992). However, it is "the rare

3

case when a threshold comparison of the crime committed to the sentence imposed leads to an inference of gross disproportionality." *Id.* (quoting *Harmelin v. Michigan*, 501 U.S. 957 (1991) (J. Kennedy, concurring); *see also Briones v. Federal Bureau of Prisons*, No. 2:16CV1172, 2017 WL 1731061 (W.D. La. Jan. 31, 2017) (applying the standard set forth in *McGruder* to the loss of good-time earning status). Such is not the case here.

Federal regulations governing inmate discipline divide prohibited acts into four separate categories based on severity: "Greatest; High; Moderate; and Low." 28 C.F.R. § 541.3(a)–(b) (2011); Program Statement 5270.09, section 541.3. Here, Wheeler was charged with violating Code 112, which is categorized as one of the "Greatest Severity Level Prohibited Acts." *Id.* The DHO was therefore authorized to impose the following relevant sanctions:

> (1) Forfeit and/or withhold earned statutory good time or non-vested good conduct time (up to 100%) and/or terminate or disallow extra good time;
> (2) Disallow ordinarily between 50% and 75% (27–41 days) of good conduct time credit available for year;
> (3) Disciplinary segregation;
> (4) Monetary fine; and
> (5) Loss of privileges (e.g., visiting, telephone, commissary, movies, recreation).

*See* 28 CFR § 541.3 (Table 1). Although Wheeler contends his sanctions were excessive, they were clearly within the range authorized by the regulation, including the forfeiture of 365 days of non-vested good-conduct time.

BOP records reflect that Wheeler was in his eighth year of incarceration at the time of the offense and therefore had 432 days of non-vested good-conduct time at the time of his disciplinary hearing, making the 365 days imposed by the DHO within the

4

permitted range.[3]  Although Wheeler submits the sanctions were disproportionally harsh, the DHO gave the following reasons for issuing the sanctions:

> Wheeler's use of alcohol potentially threatens both the orderly running of the facility and the safety of both staff and inmates. Alcohol use is preceded by the illicit substance being introduced by breaching the secure perimeter of the institution. The purchase of alcohol tends to lead to debt and alcohol related debt, [and] has great potential to lead to violence in relation to payment/non-payment of the same. Inmates are the target for this violence and staff has great potential for injury responding to this violence. Further, being under the influence of alcohol limits inmate's ability to be involved in meaningful correctional programming.  Accordingly, Disciplinary Segregation, the Disallowance of Good Conduct Time and the Forfeiture of Non Vested Good Conduct Time is sanctioned to punish WHEELER for his behavior, while the Loss of Privileges (Phone, Visit and No Contact Visit) is sanctioned in an effort to deter him from it in the future. The DHO finds the charge for code 112 to warrant the Forfeiture of Non Vested Good Conduct Time in addition to the Disallowance of Good Conduct Time based on the offense of a highly aggravated offense which greatly jeopardizes the safety of staff and inmates.[4]

Given the institutional and safety concerns, Wheeler has not shown that the sanctions, while severe, were grossly disproportionate to the offense in violation of the Eighth Amendment.

The undersigned also finds nothing of record to substantiate Wheeler's allegation that his disciplinary proceedings were not impartial, or otherwise failed to comport with due process.  An inmate is entitled to have a charge against him determined by an impartial decision maker.  *Wolff*, 418 U.S. at 563-72.  The record does not reflect that the DHO in this case was in any way involved in the facts giving rise to Petitioner's charges

---

[3] ECF No. 9-2

[4] ECF No. 9-1, p. 4.

or the investigation. He was not the reporting or investigating officer, a member of the UDC, nor a witness to the incident. *Pedraza v. Meyer*, 919 F.2d 317, 320 (5th Cir. 1990).

Wheeler also received all the procedural due process to which he was entitled. He was given (1) advance written notice of the charges at least 24 hours prior to the proceedings; (2) the opportunity to have assistance from a staff representative; (3) the opportunity to present documentary evidence and call witnesses in his defense; and, (4) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action taken. *Wolff*, 418 U.S. at 563-70. Moreover, the evidence established that Wheeler committed the prohibited act. Breathalyzer tests conducted by the reporting officer showed that Wheeler was in violation of Code 112, and he admitted his guilt. Due process is satisfied where, as here, there is "at least 'some basis in fact' or a 'modicum of evidence' to support the disciplinary conviction.'" *Superintendent, Massachusetts Corr. Inst. v. Hill,* 472 U.S. 445, 454–56, (1985).

The authority to administer prison discipline is within the discretion of the BOP, and the undersigned finds no basis to disturb the DHO's finding nor the sanctions imposed. Accordingly, for the reasons stated, the undersigned recommends that the instant petition be denied, and this cause be dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections to the Report and

Recommendation. The objections must be filed with the Clerk of Court, and the objecting party must specifically identify the findings, conclusions, and recommendations to which he objects.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation, within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. ' 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on November 18, 2019.

s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE
